IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IVAN MENDEZ, | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | |
| vs. | Case No. 2:08-CV-335-DB |
| ANNETTE WRIGHT, | District Judge Dee Benson |
| Defendant. | |

Plaintiff, Ivan Mendez, an inmate in Delaware, filed a civil rights complaint, against defendant Annette Wright.[1] As discussed below, the Court concludes that Mendez must pay the filing fee before this case can proceed.

The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a complaint in federal court without prepaying the filing fee.[2] But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[4]

---

[1] The court construes these pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] 28 U.S.C.S. § 1915(a) (2008).

[3] *Id.* § 1915 (g).

[4] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

The Court previously granted Mendez permission to proceed here under § 1915, without prepaying his court filing fee.[5] However, the court is aware that Mendez has filed numerous complaints in the United States District Court for the District of Delaware that were dismissed as frivolous or failing to state a claim upon which relief may be granted.[6] As observed by the Tenth Circuit, "a federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[7]

Section 1915(g) applies here because (1) Mendez was a prisoner when he filed this complaint; and (2) he has filed three or more prior cases in federal court that have been dismissed as frivolous. The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed.

In an attempt to avoid the operation of section 1915(g), Mendez possibly alleges that he "is in imminent danger of serious physical injury"--e.g., the defendant has conspired, threatened, and/or tried to hurt him. Mendez's allegations concerning imminent danger are conclusory and lack any supporting facts whatsoever. For example, he does not state the nature of the imminent danger of serious physical injury that he is allegedly facing, who attempted to hurt him, the circumstances under which the attempts occurred, or the time frame. Other than conclusorily alleging the existence of a conspiracy, Mendez has provided no facts to suggest that the named defendant somehow presents an imminent danger of serious physical injury, or that she is able to

---

[5] Order on Application to Proceed without Prepayment of Fees, docket no. 2, filed Apr. 29, 2008.

[6] *See Mendez v. This Criminal Organization*, No. 07-236-JJF (D. Del. May 25, 2007) (dismissing case under § 1915(g) & citing several cases dismissed in that district as frivolous or failing to state a claim).

[7] *See White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

prevent such an injury from occurring. Further, because Mendez is held in Delaware, this Court is not in a position to help him avoid any possible imminent danger, which would have to be brought to the attention of Delaware officials.

The Tenth Circuit has found similarly vague and conclusory allegations to be insufficient to bring a prisoner within the "imminent danger" exception to section 1915(g).[8] If a prisoner could overcome the "three strikes" provision through unsupported allegations of "imminent danger," the provision would serve no purpose. Accordingly, the Court concludes that Mendez has failed to raise a credible allegation of imminent danger of serious physical harm, and, therefore, he does not come within the exception to section 1915(g).

## ORDER

Mendez is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as frivolous, and the complaint does not fall within the three-strikes exception. Therefore, Mendez is **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

June 30, 2008.

BY THE COURT:

_____
DEE BENSON
United States District Judge

---

[8] *White*, 157 F.3d at 1231-32.